UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OHIO CARPENTERS' PENSION FUND, on Behalf of Itself and All Others Similarly Situated, :<br><br>     *Plaintiff*, :<br><br>vs. :<br><br>BANK OF AMERICA, N.A., et al., :<br><br>     *Defendants*. : | Civil Action No. 1:19-cv-2601-VM<br><br>Hon. Victor Marrero |
| BOSTON RETIREMENT SYSTEM and ELECTRICAL WORKERS PENSION FUND, LOCAL 103 I.B.E.W., on behalf of themselves and all others similarly situated, :<br><br>     *Plaintiffs*, :<br><br>vs. :<br><br>BANK OF AMERICA, N.A., et al., :<br><br>     *Defendants*. : | Civil Action No. 19-cv-3594<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4/26/19 |

**CASE MANAGEMENT ORDER NO. 1**

WHEREAS, on March 4, 2019, Electrical Workers Pension Fund, Local 103 I.B.E.W. ("IBEW Local 103") filed a class action complaint in the U.S. District Court for the District of Connecticut, alleging violations of the Sherman Act (15 U.S.C. § 1, *et seq.*) arising from

Defendants' conspiracy to fix, maintain, stabilize, raise or otherwise manipulate the prices of European Government Bonds ("EGBs");

WHEREAS, on March 22, 2019, Ohio Carpenters' Pension Fund ("Ohio Carpenters'") filed a class action complaint in this District, alleging substantially similar facts and claims for relief against many of the same Defendants as those alleged in the *IBEW Local 103* action;

WHEREAS, in the interests of expediency and efficiency, counsel for plaintiffs agreed that transfer to and consolidation in a single District was preferable, and accordingly, on April 17, 2019, IBEW Local 103 voluntarily dismissed its action in the U.S. District Court for the District of Connecticut and re-filed its complaint in this District, relating it to the *Ohio Carpenters'* action and adding plaintiff Boston Retirement System;

WHEREAS, actions arising from the same questions of law and fact and alleging substantially the same wrongful conduct as the above-captioned actions may be filed in the future ("Related Actions") and, if so, should be consolidated with the above-captioned actions;

WHEREAS, consolidation of the complaints in the above pending actions, as well as any Related Actions filed in the future, will avoid duplication and unnecessary costs, and will promote the orderly and efficient conduct of the proceedings herein;

WHEREAS, counsel for Plaintiffs and Defendants in the above-captioned actions conferred and Defendants do not oppose consolidation of these actions or the schedule for filing a consolidated amended complaint and an answer or response;

WHEREAS, Defendants take no position on the appointment of Interim Co-Lead Counsel for the proposed Class but otherwise join in requesting the relief set forth herein, subject to the reservations of rights set forth herein;

WHEREAS, Defendants, unless expressly stated herein, reserve all their rights and defenses, including as to lack of personal jurisdiction and opposition to class certification, but agree that coordination and efficiency are in the shared interests of the parties and the Court;

**IT IS HEREBY ORDERED AS FOLLOWS**:

Plaintiffs' Motion for Entry of Case Management Order No. 1 is **GRANTED**.

### A. Consolidation of All Actions

1.  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all of the above actions, as well as any other Related Actions, shall be consolidated. Plaintiffs shall file a consolidated amended complaint ("CAC") no later than **June 11, 2019**. Upon filing the CAC via the Court's CM/ECF system, Defendants having previously made appearances in this action shall be deemed served in accordance with Rule 5 of the Federal Rules of Civil Procedure and the Court's Local Civil Rule 5.2 without waiver of any defense except for service of process. Defendants shall answer or move to dismiss the CAC no later than **August 12, 2019**. Plaintiffs shall file oppositions to any motions to dismiss no later than **October 11, 2019**. Defendants shall file reply briefs no later than **November 11, 2019**. If Plaintiffs exercise their right to amend their pleading under Federal Rule of Civil Procedure 15(a)(1)(B) and this Court's Individual Rule of Practice in Civil Cases 2.B, the parties shall submit a proposed amended briefing schedule for the Court's consideration and approval.

2.  *Ohio Carpenters' Pension Fund v. Bank of America, N.A., et al.*, No. 1:19-cv-2601-VM (S.D.N.Y.) shall be designated the "Lead Case File." A docket sheet shall be maintained for that file which shall include all filings subsequently consolidated with the Lead Case File.

3

3. The Clerk of the Court shall make the initial determination to consolidate new Related Actions with the actions in the Lead Case File, subject to *sua sponte* review by the Court or timely objections by parties to any newly filed case.

4. Every pleading shall be filed in the Lead Case File and bear the following caption:

| **IN RE EUROPEAN GOVERNMENT BONDS ANTITRUST LITIGATION** | Lead Case No. 1:19-cv-2601-VM |
| --- | --- |
| | Hon. Victor Marrero |

5. The Clerk shall close docket 19-cv-3594. A notation shall be made on these dockets that upon entry of this Order, all papers shall be filed in the Lead Case File and no further papers shall be filed in the individual case dockets.

6. Subsequently filed Related Actions shall be consolidated with the Lead Case File. When a case that relates to the subject matter of these actions is hereafter filed in this Court, the Clerk shall make an appropriate entry on the docket sheet of the Lead Case File and mail a copy of this Order to the attorneys for the plaintiffs and any new defendants.

7. This Order shall apply to any Related Action that is filed in this Court unless a party objects within 14 days of notice of this Order. This Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been added as such in accordance with the Federal Rules of Civil Procedure.

**B. Organization of Plaintiffs' Counsel**

8. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following firms as Interim Co-Lead Counsel for the proposed Class:

4

| **LABATON SUCHAROW LLP**<br>140 Broadway<br>New York, New York<br>Tel: (212) 907-0700 | **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>230 Park Avenue<br>New York, New York<br>Tel: (212) 223-6444 | **LOWEY DANNENBERG, P.C.**<br>44 S. Broadway<br>White Plains, New York<br>Tel: (914) 997-0500 |
|---|---|---|

9. Labaton Sucharow, Scott+Scott, and Lowey Dannenberg shall be responsible, either personally or by designee, for the overall conduct of the litigation on behalf of all Plaintiffs, including providing supervision of all Plaintiffs' counsel in the litigation. As Interim Co-Lead Counsel for the Class, Labaton Sucharow, Scott+Scott, and Lowey Dannenberg have the authority to:

    a. Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

    b. Prepare and file a CAC and any subsequent pleadings;

    c. Conduct all pretrial, trial, and post-trial proceedings on behalf of all Plaintiffs and act as spokesperson for all Plaintiffs;

    d. Conduct or coordinate discovery on behalf of all Plaintiffs consistent with the Federal Rules of Civil Procedure, including preparation (or responses to) written discovery requests and examination (or defense) of witnesses in depositions;

    e. Monitor activities of all Plaintiffs' counsel and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided by collecting from each firm regular time and expense reports in the form set forth by Interim Co-Lead Counsel;

f.  Make and collect assessments from some or all Plaintiffs' counsel for the purpose of paying the costs necessary to litigate the case;

g.  Negotiate with defense counsel with respect to settlement and other matters;

h.  Prepare any application for an award (or approval) of fees and reimbursement of expenses incurred by Plaintiffs;

i.  Consult with and retain expert witnesses for the Plaintiffs;

j.  Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

k.  Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by Defendants and third parties (and production of documents by Plaintiffs), and implement advanced analytics for the efficient review of documents as appropriate;

l.  Coordinate and communicate as necessary with counsel for other parties in the litigations regarding any matters addressed in this Order in order to ensure efficient use of Plaintiffs', Defendants', and the Court's time;

m.  Ensure that all Plaintiffs' counsel and Plaintiffs are kept informed of the progress of this litigation as necessary; and

n.  Otherwise coordinate the work of Plaintiffs' counsel, and perform such other duties as Interim Co-Lead Counsel deem necessary and appropriate

based upon their judgment and consideration or as authorized by further Order of the Court.

10. No motion shall be initiated or filed on behalf of any Plaintiff except through Interim Co-Lead Counsel.

11. Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel for the Class, and such agreements shall be binding on all other Plaintiffs in their respective cases.

12. Interim Co-Lead Counsel are hereby designated as counsel for all Plaintiffs upon whom all discovery, motions or other pleadings, notices, and correspondence shall be served, and Defendants shall serve papers on all Plaintiffs by serving Interim Co-Lead Counsel by electronic means in compliance with the Rules and Orders of this Court. Interim Co-Lead Counsel shall be responsible for maintaining a master service list of all parties and their respective counsel.

13. No communications between or among any of Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which Plaintiffs would otherwise be entitled.

**SO ORDERED.**

Dated this 26th day of April, 2019.

Hon. Victor Marrero
United States District Judge
Southern District of New York